REDMANN, Chief Judge.
Plaintiff appeals from a judgment that, while awarding him $8,834, denied him three items of alleged other damages from breach of contracts. Defendant did not appeal nor answer the appeal by plaintiff. We amend to allow part of the other damages claimed.
Defendant is an agency whose nature is not disclosed by the record. It contracted with the city of New Orleans to supervise housing rehabilitation in which federal funds would supplement a private homeowner’s own funds to repair a home to meet minimum standards. Although some contractual specifics may have been lacking, defendant and plaintiff did enter upon contractual arrangements, first including one building contractor selected by defendant and then another. Neither contractor finished the job.
The trial judge’s award of $8,834 damages was based on the cost of completion, a correct measure under the circumstance of plaintiff’s having already delivered to defendant the entire contract price. This award is not disputed by defendant by appeal or by answer to plaintiff’s appeal, and we therefore accept both that defendant is liable for the damage plaintiff suffered by incompletion of the two contracts and that the amount awarded is correct except insofar as the three other items claimed by plaintiff may also be due to plaintiff.
Two of plaintiff’s claims, however, are duplicative: he asks both stipulated (equall-ing $450 a month) and actual (allegedly $350 a month) damages for delay in completion of the contracts.
We first reject, on other grounds, the claim for the $15 daily liquidated damage that the contracts provide defendant was “authorized” to deduct from the contractors’ payments. Penal clauses must be strictly construed, and this clause does not provide that defendant is in whatever circumstances obliged to deduct the $15 a day. Apparently the contract intended to allow defendant some discretion, and we find no abuse of that, discretion in view of some uncertainty in the specifications of the work and some disputed evidence that plaintiff may have himself contributed to the delay. We cannot say that the trial judge was clearly wrong, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), in rejecting this claim.
Plaintiff’s claim for $350 monthly rent lost from the rental half of his double house is, in effect, a claim for the actual damage from delay. Plaintiff did not prove, however, either the market rental value of this unit or the reasonable period of loss of rent attributable to the defaulting contractors and to defendant. Plaintiff can in no case collect delay damages forever; he can at best collect for such time after defendant’s default as was reasonably necessary to complete the improvement contract. Yet there is no doubt that performance was delayed substantially beyond the 90-day contractual term, and that an award of zero for damages for delay is wrong. We estimate damages because of delay by defendant and the contractors at $1,000 and award that amount.
*447 Plaintiff’s third item is the amount of a $1,349.19 materialman’s lien filed against his property for building materials bought by the second contractor. This lien was undoubtedly an element of damage for the breach by the second contractor, who ordered but did not pay for the materials. The trial judge’s assertion (made in another context rather than in express response to this claim) that the contracts provided that the owner was to provide the materials was erroneous. The contractual language apparently referred to neither governs contracts in which a general contractor is employed nor provides, in any case, that the owner pays for materials in addition to the contract price. It governs “self-help” contracts, meaning those in which the owner acts as the general construction contractor. (That was the kind of contract that plaintiff asked for but was denied.) In that kind of contract, apparently, the defendant agency did not itself dispense the funds. Instead, “the owner will make payments to suppliers for materials and for labor under contract only after they have been approved by [defendant’s] building expert.”) Nor is the failure to award this lien amount justified by defendant’s supervisor’s testimony that plaintiff “had in his contract agreement of furnishing certain materials.” That testimony refers only to plaintiff’s agreement to provide fixtures in some instances so as to have better quality “specialty” (above contractor-grade) fixtures. That testimony was not that plaintiff was to pay, in addition to the contract price, for all of the materials required to perform the contract. We therefore award this $1,349.19.
The judgment is amended to increase its award to $11,183.19 with interest from judicial demand and all costs.